

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2003

# In Re Najieb

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4005

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation
"In Re Najieb " (2003). *2003 Decisions.* Paper 168.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/168

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-4005
_____

IN RE: MUHAMMAD T. NAJIEB,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 03-cv-02668)

_____

Submitted Under Rule 21, Fed. R. App. P.
October 16, 2003

Before:  NYGAARD, BARRY and SMITH, Circuit Judges

_____

OPINION

_____

PER CURIAM

Pro se petitioner Muhammad T. Najieb seeks a writ of mandamus/prohibition

compelling the District Court for the District of New Jersey to stay its order entered

September 17, 2003.  The District Court dismissed Muhammad's bankruptcy appeal with

prejudice, denied his contempt motion, denied his request for a stay pending the outcome

of his bankruptcy appeal as moot, and ordered that a Sheriff's sale of the subject property

be scheduled "in October 2003."

In 1995, Najieb executed a note and mortgage on his property at 71 Westervelt Avenue, Plainfield, New Jersey, in favor of Citiscape Mortgage Corporation ("Citiscape"). The mortgage was assigned to Harris Trust Savings Bank ("Harris") in 1998. In 1997, after Najieb defaulted on his mortgage, Citiscape initiated foreclosure proceedings in New Jersey state court. Final judgment was entered in assignee Harris' favor in 1999, in the amount of $121,493.05 plus interest.

In apparent response to the foreclosure proceedings and Harris' subsequent attempts to sell the property in satisfaction of the judgment, Najieb filed for bankruptcy eight times from 1997 through 2003. All of these petitions were dismissed within months of their initial filings.

Apparently unaware that Najieb had filed an eighth bankruptcy petition in April, 2003, Harris sought to reinstate Najieb's seventh bankruptcy proceeding for the sole purpose of requesting a court order imposing a stay on the automatic stay provisions of 11 U.S.C. § 362, effectively removing any restraint on Harris' foreclosure of the property. By order entered May 28, 2003, the bankruptcy court granted Harris' motion, specifically directing that in the event of future filings for bankruptcy by Najieb or his immediate family, the bankruptcy proceeding "will not automatically impose the automatic stay provisions of 11 U.S.C. 362 so as to restrain the secured creditor's foreclosure action on the premises at 71 Westervelt Avenue, Plainfield, New Jersey 07060," and further

2

directing that any bankruptcy proceedings that were pending at the time of the order, such as Najieb's eighth bankruptcy petition, "will not affect the secured creditor's foreclosure of the [Westervelt Avenue] premises." A different bankruptcy judge denied reconsideration on June 4, 2003, five days before Najieb's eighth petition was dismissed for failure to file documents. Najieb appealed to the District Court, filed a contempt motion against Harris and the Union County Sheriff, and sought a stay of the bankruptcy court's order pending the District Court appeal.

On September 17, 2003, acting as the bankruptcy appellate court, the District Court dismissed the appeal, denied the stay motion as moot, and denied the contempt motion. The District Court held that the bankruptcy court's grant of prospective relief in the form of a stay of the automatic stay provisions of § 362 did not violate that statute, and thus was not an abuse of discretion. The District Court reasoned that 11 U.S.C. § 350(b) allowed the bankruptcy court to reopen a case to accord relief "for other cause." Specifically, the District Court found that, based on Najieb's history of failed bankruptcy petitions (at least two of which had been dismissed for failure to file documents), it was apparent that Najieb had no intent to reorganize his debt and thus all of Najieb's serial bankruptcy filings were initiated for the sole purpose of delaying foreclosure proceedings. The District Court agreed with the bankruptcy court that equitable reasons existed for granting prospective relief, namely to curb future bad faith filings by Najieb which would delay Harris' foreclosure on the property. Id. The District Court rejected Najieb's

3

contention that the bankruptcy court should have granted his request for adjournment for the purpose of obtaining counsel because Najieb had adequate time to acquire counsel. The District Court rejected as baseless Najieb's argument that the bankruptcy court order acted as an illegal sanction under Fed. R. Bank. P. 9011 because the court failed to allow Najieb the benefit of the Rule's twenty-one day safe-harbor provision. The District Court noted that the safe-harbor provision did not apply in Najieb's case because his seventh bankruptcy petition was filed for an improper purpose under the Rule 9011(b)(1). Finally, the District Court denied Najieb's motion to hold Harris and the County Sheriff in contempt for scheduling a sale of the Westervelt property while the bankruptcy appeal was still pending. The District Court directed that the Sheriff re-schedule the sale "in October, 2003", in the event that Najieb sought reconsideration. Najieb timely appealed. The appeal is docketed at C.A. No. 03-3981.

Instead of filing a motion for an emergency stay of the District Court's September 17, 2003 order pending his appeal, Najieb filed this petition for writ of mandamus on October 6, 2003, seeking the same relief. Notably, nowhere in the mandamus petition does Najieb contend that the Sheriff scheduled a date certain in October for the sale of the Westervelt Avenue property. On October 27, 2003, Najieb filed an "information for contempt," alleging that the Respondents proceeded with the Sheriff's sale on October 1, 2003. Najieb now seeks to rescind the sale, to hold the Respondents in contempt, and to stay all proceedings pending the outcome of the petition.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck

4

v. Peil, 759 F.2d 312, 314 (3d Cir. 1985).  As a prerequisite for a grant of a writ of mandamus, the petitioner must show that he or she has no alternative remedy or other adequate means to obtain the relief sought and that he or she has a clear and indisputable right to relief.  See Kerr v. United States District Court, 426 U.S. 394, 403 (1976).

Najieb has not shown that he has a clear and indisputable right to relief.  Absent the imposition of an emergency stay pending appeal upon Najieb's application for the same in the District Court or in this Court, the respondents were free to proceed with the sheriff's sale.  See e.g. Pittsburgh Food & Beverage, Inc., v. Ranallo, 112 F.3d 645, 647-651 (3d Cir. 1997) (explaining that failure to obtain a stay of the sale pending appeal allows the sale to be completed and renders the appeal moot).  Contrary to Najieb's assertions, the pendency of a mandamus petition, alone, does not operate as an automatic stay of the District Court order.  In any event, it appears that the sheriff's sale was completed before the Respondents were served with the petition and before the petition was filed.

For the foregoing reasons, the petition for a writ of mandamus and "information for contempt" will be denied.